# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOHAMMED S. ROBLE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-16-4045 |
| UNITED STATES GOVERNMENT, | * | |
| Defendant | * | |
| | *** | |

## **MEMORANDUM OPINION**

Pending is this personal injury action filed by Mohammed S. Roble in connection with an accident involving a Federal Bureau of Prisons (BOP) bus and a tractor-trailer truck ("the truck"). Roble, a passenger on the BOP bus, brings claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et. seq.*, the Maryland Tort Claims Act, and Maryland common law. Roble also alleges that the BOP was deliberately indifferent to his safety during transport, giving rise to an independent claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] ECF No. 1 at 1; ECF 1-1 at 1, 2. He seeks compensatory damages and an order requiring the installation of seat belts in prison transports. *Id*.

The BOP moved to dismiss or, in the alternative, for summary judgment to be granted in its favor. ECF No. 12. Roble responded,[2] to which the BOP timely replied. The matter is ready

---

[1] Roble asserted that his constitutional rights were violated under 42 U.S.C. § 1983. ECF No. 1. The claim is properly brought as a *Bivens* action. *Bivens* "'established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.'" *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). "[A] *Bivens* action is the federal analog to suits brought against state officials under… 42 U.S.C. § 1983." *Id*.

[2] Roble argues in his response for the first time that the Administrative Procedure Act (APA) 5 U.S.C. §702 waives

for disposition, and no hearing is necessary. *See* Loc. R. 105.6. (D. Md. 2016). For the following reasons, BOP's motion to dismiss or in the alternative for summary judgment (ECF No. 12) is granted.[3]

I. BACKGROUND

The following facts are taken from Roble's Complaint and the BOP's prison and medical records.[4] Roble is a federal inmate housed at the Federal Correctional Institution ("FCI")-Fort Dix, in Fort Dix, New Jersey. On November 5, 2014, while incarcerated in the Federal Detention Center located in Philadelphia, Pennsylvania, Roble was being transported via BOP bus. *Id*. at 2-3; ECF 14-1 at 4. Although Roble was restrained by cuffs and shackles, the bus did not have any seat belts. *Id*. at 3.

During transport, the bus was stopped in traffic and the truck hit the bus from behind. ECF No. 12-5. Although Roble claims that the bus driver was speeding and otherwise driving recklessly, the Maryland State Police Vehicle Crash Report determined that the truck had "failed to control speed and following distance and rear ended" the bus. ECF No. 14-1 at 33. In other words, Maryland State Police concluded that the truck, not the stopped bus, was at fault. *Id*. at 34.

Upon impact, Roble asserts that he was thrown and hit the seat in front of him, injuring

---

the government's sovereign immunity. ECF No. 20 at 2. The original complaint, however, does not bring a claim under the APA (ECF No. 1, ¶ 2), and so this issue is not properly before the court. *See Cutrera v. Board of Sup'rs of Louisiana State University*, 429 F.3d 108, 113-14 (5th Cir. 2005) (claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court); *Gilmour v. Gates, McDonald and Company*, 382 F.3d 1312, 1315 (11th Cir. 2004); *Ware v. U.S. Bank Nat'l. Ass'n.*, 131 F. Supp.3d 573, 578 (S.D. Miss. 2015).

[3] Roble's motion for extension of time to file his response is also granted *nunc pro tunc*. ECF No. 19.

[4] Defendant has filed verified copies of Roble's administrative tort claim and list of administrative remedies. ECF No. 12-4. Defendant has also provided verified copies of the prisoner transportation system manifest report dated November 4, 2014, the BOP Program Statement regarding escort procedures, the accident report, pertinent parts of Roble's health records (ECF No. 14-1) and C. Seay's memorandum dated November 10, 2014, concerning the accident. ECF No. 12-5.

2

his face, forehead, knees and back. *Id*. After the accident, Roble was immediately transported to the Emergency Room at the Franklin Square Medical Center. *Id*. at 5. Roble reported knee pain to hospital staff. ECF No. 14-1, at 42, 48. The medical center treated and released Roble without any medication prescription, but with direction to follow up with a medical provider if necessary. *Id*. at 43, 46, 50.

Roble was then placed on a different BOP bus which, according to Roble, did not have any seat belts either. Roble claims that persons within the custody of the BOP are transported across the country in buses owned by the United States Government and operated by the BOP, and that none of the buses have seat belts for prisoners.

Roble arrived at FCC Petersburg the day after the bus accident. ECF No. 12-4 at 10. During the medical assessment at Petersburg, Roble did not report any specific injuries arising from the bus accident. ECF No. 14-1 at 85-89. Nor did he complain of any pain or complications from the accident during three subsequent medical evaluations in the following month. ECF No. 12-4 at 9-10, 14-1 at 80-84 (12/1/2014); ECF No. 14-1 at 75-79 (12/3/2014); ECF 14-1 at 70-74 (12/4/2014).

From December, 2014 to January, 2015, Roble was incarcerated at FCI Berlin in New Jersey. ECF No. 1 at 6. Roble asserts that he told FCI Berlin medical staff that he was in pain from the bus accident but nothing was done. The records from FCI Berlin, however, reflect that he was treated at the mental health and chronic clinics throughout 2015. ECF No. 14-1, 161-205. Records from those visits reflect that Roble denied any painful conditions and did not report any injuries from the motor vehicle accident. *Id*. Roble also notes that he spent ten months at the D.C. Jail in 2015, where he was advised that his right knee injury may be permanent. ECF No. 1-3.

On June 13, 2016, Roble told an FCI Berlin medical provider that the "bump on his left forehead" was from the 2014 bus accident. ECF No. 14-2, at 230-231. The next month during transport to FCI-Fort Dix, Roble received three medical evaluations. At each, he denied experiencing any painful conditions and did not report any injuries. ECF No. 14-1 at 247-250 (7/14/16); at 242-245 (7/15/16); at 237-240 (7/19/16). Roble did report the lump on his forehead to one evaluator on July 25, 2016, again attributing it to the bus accident. ECF No. 14-1 at 216.

Roble at some point was referred for an x-ray on his knee while housed at Fort Dix. The x-ray was taken on September 27, 2016, and showed no signs of fracture or misalignment. Rather, Roble was diagnosed with suprapatellar joint effusion. *Id*. at 211, 312-313; ECF No. 1-4 at 9.[5] Roble was evaluated again on October 6, 2016, during which he reported right knee pain and swelling after exercise. Roble also attributed these symptoms to injuries sustained in the bus accident almost two years before. ECF Nos, 1-4 at 3, 14-1 at 211. Thereafter, aside from a January 2017 medical visit where Roble was prescribed Ibuprofen, Roble had not sought further medical treatment. *Id*.

Roble avers that he filed an administrative claim on January 25, 2016, for the personal injuries sustained during the bus accident. The claim was denied on July 19, 2016. ECF No. 1 at 8; ECF No. 1-5 (claim form); ECF No. 1-6 (denial of claim). Roble did not file any similar administrative claims for the BOP's alleged *Bivens* violations, despite the BOP having previously provided to Roble information describing the administrative claim process. ECF 12-4 at 3-4, ¶¶13 & 14; ECF 12-4 at 12, 14-15. ECF 24-2 at 1-4.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the legal

---

[5] Roble claims that medical providers told him that the injuries to his knee are for his "lifetime," which the Court construes to mean permanent.

sufficiency of a complaint. When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. The dismissal for failure to state a claim upon which relief may be granted does not require BOP to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Rule 56(a) of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Importantly, however, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). "The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346

F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## II. DISCUSSION

### A. *Bivens* Claims

BOP principally asserts that Roble's *Bivens* claims should be dismissed for failure to exhaust administrative remedies. BOP more particularly argues that under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, Roble's claims have not been properly presented and must be dismissed.

The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h); *see also Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. Appx. 253 (4th Cir. 2004).

Notably, administrative exhaustion under the PLRA is not jurisdictional and does not

6

impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the BOP. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). Nevertheless, a claim that has not been exhausted may not be considered by this court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, __ U.S. __, 136 S.Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse plaintiff's failure to exhaust. *Ross*, 136 S.Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

An inmate must follow the required procedural steps to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F.Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he. . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion mandates completing "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford* 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

The BOP has established an Administrative Remedy Program for inmates to resolve concerns related to confinement. *See* 28 C.F.R. § 542.10 *et seq*. Inmates must first attempt informal resolution with staff. *See* 28 C.F.R. § 542.13. If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R.

§542.14(a). If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate BP-10 form, to the Regional Director within twenty calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, D.C., using the appropriate form. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. *See id*. An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance at all levels. *See* 28 C.F.R. § 542.15(a).

Roble failed to initiate, much less exhaust, any of his *Bivens* claims through the BOP administrative remedy program. ECF 12-4 at 3-4, ¶¶13 & 14; ECF 12-4 at 12. And his post-hoc assertions that he "did not know" of this administrative procedure, ECF No. 20-1 at 4, are insufficient to defeat the timely exhaustion requirement. *Graham v. County of Gloucester, Virginia*, 668 F.Supp.2d 734, 741 (E.D.Va.2009) ("a prisoner's claim that the grievance system was unavailable to him because he lacked full knowledge of the specifics of the grievance process does not excuse or waive a failure to exhaust administrative remedies."); *Grady v. Winders*, 2012 WL 4753313, *2 (E.D.N.C. Oct. 4, 2012) (granting Rule 12(b)(6) motion to dismiss on failure to exhaust grounds where plaintiff argued "that while the facility did have grievance procedures, he was not aware of them.").

**B.    FTCA Claims**

Roble's FTCA claims are another matter regarding exhaustion. To be sure, the FTCA requires that a plaintiff first notify the United States in writing of his claim. 28 U.S.C. §§ 1346(b)(1), 2671-2680. Roble's January 25, 2016 written administrative claim, which was denied on July 19, 2016, is sufficient. ECF No. 1. at 8; ECF No. 1-5; ECF No. 1-6; ECF No. 12-

4 at 2, ¶¶ 7.

Roble's claim nonetheless fails because under the FTCA, the United States cannot be held liable for the discretionary decision to transport inmates in buses not equipped with seatbelts. Although the FTCA allows recovery for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," certain limitations apply. 28 U.S.C. § 1346(b). Liability does not attach where, as here, the federal agency's acts or omissions giving rise to the suit are "discretionary function[s] or dut[ies] on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The "discretionary function exception" extends where agency actors exercise a measure of judgment or choice. *United States v. Gaubert*, 499 U.S. 315, 322 (1991). In assessing the applicability of the discretionary function exception, the Court considers two factors. *Gaubert*, 488 U.S. at 322; *Berkovitz v. United States*, 486 U.S. 531 536-37 (1988). First, the Court assesses whether the complained-of acts or omissions involved an element of judgment or choice. The act must not have been subject to a statute, regulation, or policy that prescribes a specific course of action. *Gaubert*, 499 U.S. at 322 ("The requirement of judgment or choice is not satisfied if a 'federal statue, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'") (quoting *Berkovitz*, 486 at 536). Acts are discretionary where it is evident that there was "room for choice" in so acting. *Atallah v. United States*, 955, F. 2d 776, 783 (1st Cir. 1992).

If this first factor is satisfied, the Court next considers whether the actions can be subjected to analysis involving social, economic, or policy considerations. *Gaubert* 499 U.S. at

322-23. "[D]ay-to-day operational decisions of government [employees] are entitled to immunity under the FTCA so long as the choices are 'susceptible to policy analysis.'" *Smith v. Wash. Metro. Area Transit Auth.*, 290F. 3d 201, 208 (4th Cir. 2002) (quoting *Gaubert*, 499 U.S. at 325). The Court objectively assesses the employee's decisions to assess whether inherent in such decisions are policy considerations. *Baum v. United States*, 986 F.2d 716, 720-721 (4th Cir. 1993). If both factors are met, then the agency is shielded from liability even if negligent. *Blakey v. U.S.S. Iowa*, 991 F.2d 148, 152 (4th Cir. 1993).

Here, the BOP's decision to transport prisoners without seatbelts constitutes a discretionary function. Roble has not identified any statute or regulation which compels BOP inmates to be belted during bus transport. *Cf. Vinzant v. United States*, 458 Fed Appx. 329, 333 (5th Cir. 2012) (holding decision to seatbelt inmate was within discretionary function exception of FTCA where no law mandated seatbelt use); *Vinson v. U.S. Marshals Service*, 2011 WL 3903199 at *3-4 (D. S.C. 2011) (holding where no evidence showed BOPs violated an applicable statute, regulation, or policy regarding use of seatbelts during the transport of prisoners, plaintiff could not show BOP had a duty to seatbelt him and the discretionary function exception of FTCA applied); *Reynolds v. United States*, 2006 WL 5400338 (N.D. Fla. 2006) (holding claim that United States Marshal failed to provide safety belts is precluded by exceptions to waiver of immunity in § 2680(a) of FTCA); *MacCaffray v. United States*, 1998 WL 560047, *3 (D. Vt. 1998) (holding BOPs entitled to discretionary function exception where there was not regulation requiring the use of seatbelts). Nor can Roble seriously contend that safety or other similar policy considerations are not at play in deciding whether to allow prisoners in a confined and moveable space access to seatbelts which can be used as weapons. Because the discretionary function exception applies, Roble's FTCA claims must fail.

Alternatively, even if this exception did not apply, Roble's claim nevertheless does not survive as a matter of law. The FTCA "requires the government's liability to be determined 'in accordance with the law of the place where the act or omission occurred.'" *United States v. St. Louis Univ.,* 336 F.3d 294, 300 (4th Cir. 2003) (quoting 28 U.S.C. § 1346(b)(1)). In Maryland, to succeed on a claim of negligence, a plaintiff must demonstrate that: (1) the BOP had a duty to protect plaintiff from injury; (2) the duty was breached; (3) BOP's breach was the cause of the injury; and (4) the plaintiff suffered damages. *Coleman v. United States,* 369 F.App'x 459, 461 (4th Cir. 2010). The BOP's acts or omissions are the proximate cause of an injury when they are both the cause in fact and a legally cognizable cause of an injury. *Pittway Corp. v. Collins*, 409 Md. 218, 243 (2007), citing *Hartford Ins. Co. v. Manor Inn*, 335 Md. 135, 156-57 (1993). "Negligence that does nothing to cause a mishap cannot create accountability." *Myers v. Bright*, 327 Md. 395, 407 (1992).

Roble has not demonstrated that BOP had a specific duty to transport him while belted, especially when considering that competing issues surrounding prisoner safety militate against seatbelts on such buses. *See MacCaffray,* 1998 WL 560047 * 3; *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012) (holding failure to seat belt does not meet objective prong of establishing deliberate indifference where prisons may have legitimate penological concern for using seatbelts while transporting prisoners.). Nor has Roble marshalled any evidence that his failure to wear a seatbelt caused or contributed to his injuries. The same is true as to the bus driver's allegedly bad driving. Indeed, the record evidence construed most favorably to Roble demonstrates that the bus had been rear-ended while *stopped.* Consequently, the bus driver's earlier speeding and reckless lane changes had nothing to do with the accident. *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 641 (10th Cir. 2004)("The eventuality of an accident is not

hastened or avoided by whether an inmate is seatbelted."); *see also Spencer v. Knapheide Truck Equip. Co.*, 183 F. 3d 902, 906 (8th Cir. 1999) (no municipal liability for purchase of prison transport vans without safety restraints); *Carrasquillo v. New York,* 324 F. Supp. 2d 428, 437 (S.D.N.Y. 2004) (auto accidents do not give rise to federal causes of action) .

In light of the foregoing, Roble's FTCA claim must fail.

### C. State tort claims

The FTCA provides the sole avenue for relief arising from torts committed by federal agency employees in the course of their employment. *See* 28 U.S.C. §2679(b)(1). *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1))("The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."). Roble's tort claims asserted under Maryland statutory and common law, therefore, must also be dismissed.

### CONCLUSION

For these reasons, BOP's motion to dismiss or, in the alternative for summary judgment, IS GRANTED. A separate Order follows.

| 2/22/18 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |